# Boak, Appellant, *v.* New York Life Insurance Company.

*Insurance—Life insurance—Reformation of policy—Evidence.*

Where an endowment insurance policy provides that the insured, if living, at a date specified shall be entitled to one of four benefits, and there is nothing in the policy itself to indicate that the beneficiaries, and not the insured, were to be entitled to the benefits named, a court of equity will not reform the policy so as to change the word "insured" to "beneficiaries" in the absence of evidence of the kind, quality and quantity required by a court of equity as a warrant to reform a written instrument.

Argued Oct. 28, 1909. Appeal, No. 183, Oct. T., 1909, by plaintiffs, from decree of C. P. No. 4, Allegheny Co., First Term, 1909, No. 797, on bill in equity in case of Nana M. Boak et al. v. New York Life Insurance Company, Claud E. Griffey et al. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction and to reform an endowment life insurance policy.

From the record it appeared that in 1888 Charles Donnelly, Sr., took out a twenty-year endowment policy on the life of his son Charles Donnelly, Jr.

The ninth and tenth clauses of the bill were as follows:

9. That there appears in the "provisions, requirements and benefits referred to in this policy," a printed clause, which reads in part as follows: "At that date (to wit, October 30, 1908), if the insured is living and this policy is in force, the insured shall be entitled to one of the following benefits"—naming four. Your orators are advised and believe that the word "insured" in reference to the one or ones entitled to benefits was allowed to remain in the printed form used by the insurance company through mutual mistake, and that the clause should read so as to confer benefits on the one or ones referred to in the written application, and in the prior portions of the policy, as the beneficiary or beneficiaries, to wit: "Roselia Donnelly, mother of the insured, or, in the event of her prior death, her children by Charles Donnelly, or their executors, administrators or assigns." Your orators are advised and believe that, by the terms of the written application and of the parts of the policy which express the true intent of the parties when the policy was issued, all of the children of Roselia Donnelly by Charles Donnelly have a vested interest in the amount of insurance money payable by the terms of the policy, and an interest which cannot be defeated by any attempted selection or option by Charles Donnelly, Jr., for his sole benefit, to the exclusion of your orators.

10. That Charles Donnelly, Jr., has and is threatening to collect the total amount of the insurance money by legal means, or in divers other ways, for his sole benefit.

The fourth prayer was as follows:

4. To reform the clause in said policy referred to in the ninth paragraph of this bill, so as to read as follows: "At that date, if the insured is living and this policy is in force, the beneficiary or beneficiaries above named, to wit, Roselia Donnelly, or, in the event of her prior death, her children by Charles Donnelly, or their executors, administrators, or assigns, shall be entitled to one of the following benefits."

The court entered the following decree:

And now, to wit, July 30, 1909, this cause came on to be heard at this term, and thereupon it is ordered, adjudged and decreed as follows:

That the exceptions of plaintiffs to the decree nisi be and are hereby dismissed;

That the policy of insurance set forth in the bill is not the result of any mistake, but correctly expresses the intention of the parties at the time it was applied for, executed and delivered.

That the said Charles Donnelly, Jr., is entitled to the full amount of the proceeds of said policy deposited under the decree, heretofore made by the agreement of all parties in interest, to wit, the sum of $21,890.17, with accrued interest thereon since the deposit thereof, admitted by all parties to be the exact amount of money for which the said New York Life Insurance Company is liable after payment in full of the amount which was due to Claud E. Griffey, subject, however, to the payment of the premium of insurance hereinafter decreed, and that the sum so deposited with interest thereon, less the sum of $1,083.73, be paid to said Charles Donnelly, Jr.

That out of said fund there shall be paid to the plaintiffs the sum of $984, being the twentieth and last premium upon said policy, which was paid out of their money, with interest thereon from October 30, 1907, $99.73, making $1,083.73.

And it is further ordered, adjudged and decreed that plaintiffs pay one-half of the costs of their proceedings, and that said Charles Donnelly, Jr., pay the other half thereof.

*Error assigned* was decree of the court.

*R. H. Hawkins,* of *Dalzell, Fisher & Hawkins,* for appellants.—The face of the policy itself, that is, the part printed in large type and containing the various necessary written insertions, indicates the insurance money was payable in any event to Roselia Donnelly, or her children: Grandin v. Insurance Co., 107 Pa. 26; Moore v. Lichtenberger, 26 Pa. Superior Ct. 268.

By the designation of Roselia Donnelly, or in the event of her prior death, her children, as the beneficiary, the policy vested in Mrs. Donnelly during her lifetime, and in all her children after her death, an interest in the amount of the insurance which cannot be divested: Smith v. Life Ins. Co., 34 Pa. Superior Ct. 72; Entwistle v. Ins. Co., 202 Pa. 141; Ex parte Dever, L. R. 18 Q. B. Div. 660; Brown's App., 125 Pa. 303; New York Life Ins. Co. v. Ireland, 14 L. R. A. 278.

Cash surrender value is payable only to beneficiaries: Pingrey v. Ins. Co., 144 Mass. 374 (11 N. E. Repr. 562); Waltz v. Mutual Aid Society, 5 Pa. C. C. Rep. 208; Chapin v. Fellowes, 36 Conn. 132; Lemon v. Ins. Co., 38 Conn. 294; Ricker v. Charter Oak Life Ins. Co., 27 Minn. 193 (6 N. W. Repr. 771); Jones v. Jones, 23 Pa. C. C. Rep. 254.

That the court may make such a reformation is well settled in numerous cases: Thompson v. Phœnix Ins. Co., 136 U. S. 287 (10 Sup. Ct. Repr. 1019).

*C. C. Dickey*, with him *W. K. Shiras* and *Blakeley & Calvert*, for appellees.—The bill was met by a responsive answer, and at the trial the plaintiffs failed to produce any evidence whatever to prove the alleged mistake. They were not entitled to any relief: Tennes v. Life Ins. Co., 26 Minn. 271 (3 N. W. Repr. 346); Frazier v. Monroe, 72 Pa. 166; Shafer v. Senseman, 125 Pa. 310; Burt v. Burt, 218 Pa. 198.

OPINION BY MR. JUSTICE ELKIN, January 3, 1910:

Unless the evidence produced at the hearing was sufficient to require the chancellor to reform that part of the contract set forth in the ninth paragraph of the bill as requested in the fourth prayer, appellants have no case. No evidence, parol or documentary, was offered which would warrant such a reformation, and the case stands upon the application and the policy itself. Reliance is placed upon Thompson v. Insurance Company, 136 U. S. 287, as authority for the proposition that reformation may be decreed upon the contract itself without evidence of the fraud, accident or mistake required to reform written instruments. In that case, however, the bill averred

a mutual mistake to which a demurrer was filed and the court held the averments of the bill were admitted by the demurrer to be true and the record thus presented was sufficient to support a decree of reformation. In the case at bar the answer was responsive and denied that any mistake was made in the execution of the contract of insurance. Clearly in such a case the burden is on the complaining party to overcome the plain provisions of a contract by evidence of the kind, quality and quantity held to be sufficient to warrant a reformation of covenants deliberately and formally entered into. No such evidence was produced in this case and the contract must stand as written. The policy, upon the life of the son and intended primarily for his benefit, was issued at the instance of the father with the ultimate purpose, in the event of the insured dying during the period fixed, or if for other reasons the insured did not avail himself of the rights and benefits accruing to him under the contract, of making Roselia Donnelly, mother of the insured, the beneficiary, or in the event of her prior death her children by Charles Donnelly to take the proceeds share and share alike. All this appears in the plain and unambiguous terms of the contract, which is an ordinary endowment policy consistent throughout. The contract of insurance in unmistakable terms provides that the insured shall be entitled to one of four optional benefits at the date of its maturity. He has exercised his option by selecting the third benefit and notifying the insurance company in the manner set forth in the policy. The insured is standing upon the express provisions of the contract, and courts are not at liberty to say he is not entitled to the benefits therein stipulated. This was the conclusion reached by the learned court below, and we see no reason to disturb it.

Decree affirmed at the cost of the appellants.